IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LOUISE ADAKAI, as personal
representative of the Estate of Tess
Marie Adakai,

     Plaintiff,

vs.                                                               Civ. No. 99-669 JP/RLP

UNITED STATES OF AMERICA,

     Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

On August 4, 2000, the Defendant filed a Motion in Limine to Preclude Expert Testimony

and for Summary Judgment (Doc. No. 51).  The Plaintiff does not contest the motion in limine.

Consequently, the motion in limine will be granted and the expert testimony of Dr. Scott Barron

will be excluded.  After a careful review of the briefs on the motion for summary judgment and

the relevant law, and following a pre-trial conference on August 14, 2000, during which the

parties had the opportunity to present their arguments on the motion for summary judgment, I

have determined that Defendant's motion for summary judgment is well-taken and should be

granted.

I.  BACKGROUND

The Plaintiff contends that healthcare providers at the Gallup Indian Medical Center

(GIMC) negligently administered a course of chemotherapy and other treatment to Tess Adakai

between September 1991 and April 14, 1995 when she died from complications arising from

childhood high risk leukemia.  Dr. Monica Fisher, a pediatrician at GIMC, referred Ms. Adakai to

Dr. Marilyn Duncan, a University of New Mexico Hospital (UNMH) board certified subspecialist

in pediatric oncology.  Dr. Duncan prescribed a course of chemotherapy and other treatment for Ms. Adakai which Dr. Fisher administered following Dr. Duncan's instructions.  Tragically, the course of chemotherapy and treatment deviated from the nationally accepted protocol for treating high risk leukemia in children.  The Plaintiff contends that the inadequate and outdated treatment which Ms. Adakai received directly led to her death.  Louise Adakai did not learn that the treatment provided to Ms. Adakai at GIMC was inadequate and outdated until April 1998.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). When applying this standard, we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Applied Genetics Intl, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Only then does the burden shift to the non-movant to come forward with evidence showing that there is a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). The non-moving party may not avoid summary judgment by resting upon the mere allegations or denials of his or her pleadings. *Id.*

## III. DISCUSSION

The Defendant correctly argues that without the expert testimony of Dr. Barron, the Plaintiff cannot prove the Defendant committed medical malpractice.  The Defendant states that the undisputed facts established by the expert testimony of Drs. Peter Steinherz (Plaintiff's own expert), Barbara McAneny, and Alfredo Vigil show that Dr. Fisher and her staff did not depart

from the proper standard of medical practice by relying on the chemotherapy protocal prepared by a board certified subspecialist. The Plaintiff agrees with this medical malpractice assessment.

The Defendant also argues that under the Federal Tort Claims Act, 28 U.S.C. §2671, the United States is exempt from liability for any alleged negligence of a government contractor. Here, Dr. Duncan was an employee of UNMH, not the United States.  Dr. Duncan was an independent contractor providing medical services for the United States.  The Plaintiff does not contest this conclusion.  The Defendant, therefore, cannot be held liable for the conduct of Dr. Duncan under 28 U.S.C. §2671.

The Plaintiff bases her case on the joint physician liability theory of "concert of action." The Plaintiff cites to several non-New Mexico cases to support this theory as well as New Mexico U.J.I. 13-1114.  The Defendant notes that under 28 U.S.C. §1346(b)(1) I am required to apply New Mexico law in a wrongful death case like this.  The only relevant New Mexico law is stated in the New Mexico U.J.I.  By its own terms, New Mexico U.J.I. 13-1114 is inapplicable to this case because it is based on the borrowed servant doctrine. *See Dessauer v. Memorial General Hospital*, 96 N.M. 92, 97, 628 P.2d 337, 342 (Ct. App. 1981)(discussing New Mexico U.J.I. 12-1114, a prior version of New Mexico U.J.I. 13-1114); New Mexico U.J.I. 13-1114 ("A doctor is not liable for the negligence of another where the doctor's only right is to make mere suggestions as to the particular activity being performed in cooperation with such other person.").  Dr. Fisher was not a borrowed servant working for Dr. Duncan.  Rather, the two doctors were both caring for a single patient with Dr. Fisher simply deferring to Dr. Duncan's purported expertise.

Aside from the inapplicability of the "concert of action" theory in this case, I find that this theory should not be applied for practical reasons.  In a rural state like New Mexico, general

practitioners who work in relatively isolated areas necessarily depend upon the specialists who practice in Albuquerque or in a handful of larger cities to provide adequate care for their patients. Making those rural general practitioners liable for the negligence of a specialist would chill the willingness of the rural general practitioners from administering treatments prescribed by specialists. This reluctance to administer treatments prescribed by specialists would result in hardships for both the patients and their families in terms of travel expenses, inconvenience, time expenditures, and even physical discomfort.

IT IS ORDERED that the Defendant's Motion in Limine to Preclude Expert Testimony and for Summary Judgment (Doc. No. 51) is granted.

CHIEF UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:     Henry S. Howe
                           Gallup, New Mexico

Counsel for Defendant:     Elizabeth M. Martinez
                           Assistant U.S. Attorney
                           District of New Mexico
                           Albuquerque, New Mexico